UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

GENE DESHAWN M. WATKINS                                              PLAINTIFF

v.                                                CIVIL ACTION NO. 3:17CV-650-GNS

FBI HEAD AGENT AMY HESS                                       DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff Gene DeShawn M. Watkins filed a *pro se* complaint (DN 1) along with a motion for "This has inflicted extreme Hardship on Me" (DN 4), which the Court construes as a supplement to the complaint. Plaintiff also filed a motion to proceed *in forma pauperis* (DN 3). Upon consideration, the Court **GRANTS Plaintiff's motion to proceed *in forma pauperis*** (DN 3). Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint (DN 1) and its supplement (DN 4) under 28 U.S.C. § 1915(e).

In the complaint form, Plaintiff alleges claims of "rape, statory rape, racial Discrimination, Low Level prostitution, violation of my 4th admendment rights obsessive force." As his statement of the claim, he writes: "This has inflicted great amount of hardship on me I been gettin raped by female agents and they invisible I might have 100 kids." In the supplement, Plaintiff makes the following allegations, among others: he was taken hostage by "CIA Simmons" and the "LMPD" in May 2002; he is successful and has come up with inventions; "I could make a woman have screamin orgasms w/o touchin her wont be in the room or state how it work you need government earphones which was givin to new reporters . . . ."; and his apartment is bugged "by the feds."

On review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may

be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. "Examples of the former class are claims against which it is clear that the defendants are immune from suit . . . and claims of infringement of a legal interest which clearly does not exist[.]" *Id.* "Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id.* at 328. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

The Court finds that this action must be dismissed as frivolous under § 1915(e)(2)(B)(i). An action has no arguable factual basis when the allegations are delusional or "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990); *see also Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that a court need not accept as true factual allegations that are "'fantastic or delusional'" in reviewing a complaint for frivolousness (quoting *Neitzke*, 490 U.S. at 328)). Those characterizations clearly apply to Plaintiff's allegations.

In addition, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). The instant complaint and supplement meet this standard as well.

For the foregoing reasons, the instant action will be dismissed by separate Order.

The Court advises that in the complaint and amended complaint, Plaintiff makes allegations very similar to allegations made in other lawsuits filed in or removed to this Court and which this Court dismissed as frivolous and/or for lack of subject-matter jurisdiction due to the complaint describing "fantastic or delusional scenarios." *See, e.g.*, *Watkins v. Fed. Bureau of Investigation*, No. 3:14CV-585-JGH (finding that complaint fit within the "essentially fictitious" pleadings standard where Plaintiff alleged, among other things, federal cameras which could see through clothes and walls were in his ceiling fan and F.B.I. agents made death threats against him and were having sex with little girls in a sex slave ring); *Watkins v. Fed. Bureau of Investigation*, No. 3:13CV-204-CRS (finding that complaint with similar allegations described "fantastic or delusional scenarios" and must be dismissed for failure to state a claim upon which relief may be granted and for lack of subject-matter jurisdiction). **Plaintiff is WARNED that his continued filing of complaints concerning these frivolous allegations may result in possible sanctions and filing restrictions**.

Date: December 11, 2017

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendant
4416.005